**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

MORDECHAI SAMET,            :

                       :

           **Plaintiff,**      :

                       :         **OPINION & ORDER**

        **- against -**         :

                       :         **05 Civ. 8795 (BSJ) (RLE)**

BOP REG. DIRECTOR SCOTT DODRILL, et al.,   :

                       :

          **Defendants.**      :

------------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* plaintiff, Mordechai Samet ("Samet"), filed suit on October 17, 2005, against the

Regional Director of the Bureau of Prisons, Scott Dodrill, Warden Frederick Menifee,

Corrections Officer C. Robbins, and Unit Manager G. Tomaino (collectively, "defendants"),

raising civil rights claims under 42 U.S.C. § 1983. Pending before the Court is Samet's

application for appointment of counsel. For the reasons set forth below, the application is

**DENIED** without prejudice.

## II. FACTS

Samet alleges that defendants violated his First Amendment rights by disciplining him for

praying in the prison law library. Complaint under the Civil Rights Act ("Compl.") at 5. He also

claims he was not praying, but studying, which does not violate the prison regulations. **Id**. at 2,

4. He alleges a number of violations of due process throughout the disciplinary process, claiming

that he did not receive an impartial hearing and was denied the right to call witnesses. **Id**. at 5.

In his Application for the Court to Request Counsel ("AOC Request"), Samet asks for a lawyer

to be appointed because his case presents "a complex legal matter" and his "legal knowledge is

not enough to represent [him]self in court."  AOC Request ¶ 2.

### III. DISCUSSION

In making the determination of whether to appoint counsel for an indigent civil litigant

under 28 U.S.C. § 1915(e), the court "exercises substantial discretion, subject to the requirement

that it be guided by sound legal principle."  **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 171-72

(2d Cir. 1989) (*citing* **Jenkins v. Chemical Bank**, 721 F.2d 876, 879 (2d Cir. 1983)).  The court

must first ask whether plaintiff can afford to obtain counsel.  *See* **Terminate Control Corp. v.**

**Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994).  If the court finds that a plaintiff cannot afford

counsel, it must then examine the merits of the case and determine whether the indigent's

position "seems likely to be of substance."  **Hodge v. Police Officers**, 802 F.2d 58, 61-62 (2d

Cir. 1986).  Once the initial determinations have been made as to indigence and merit, the court

has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial

facts; (2) whether conflicting evidence implicating the need for cross-examination will be the

major proof presented to the fact finder; (3) the indigent's ability to present the case, (4) the

complexity of the legal issues and (5) any special reason in that case why appointment of counsel

would be more likely to lead to a just determination.  **Id**. at 60-61.

Samet satisfies the threshold requirements insofar as his *in forma pauperis* status

establishes his inability to afford counsel.  Similarly, his claims appear to be "of substance."  **Id**.

at 62.  Prisoners have a constitutional right to religious practice, but this right is not absolute.

*See* **Balabin v. Scully**, 606 F. Supp. 176, 179-80 (S.D.N.Y. 1985) (denying motion to dismiss

where plaintiff had alleged that he was denied access to religious items for over one year).

Inmates' specific requests to practice must be balanced against the impact of the accommodation

on the prison system as well as any alternatives provided.  **Withrow v. Bartlett**, 15 F. Supp. 2d

292, 295-96 (W.D.N.Y. 1998) (*citing* **Young v. Coughlin**, 866 F.2d 567, 570 (2d Cir.), *cert.*

*denied*, 492 U.S. 909 (1989); **Benjamin v. Coughlin**, 905 F.2d 571, 574 (2d Cir.), *cert. denied*,

498 U.S. 951 (1990); **Salahuddin v. Coughlin**, 993 F.2d 306, 308-09 (2d Cir. 1993)).  In

**Withrow**, the Court found that a prisoner's first amendment rights were not violated by a

regulation restricting group demonstrative prayer in the prison yard.  **Id**. at 298.  However, the

Court specifically distinguished facts quite similar to those presented here: "it must be

remembered that [plaintiff] was disciplined not for praying silently to himself nor even for

engaging in solitary demonstrative prayer, but for engaging in group prayer in the prison

recreation yard, a place not authorized for such religious activity."  **Id**. at 295.  The facts Samet

outlined in his complaint may very well state a case of a constitutional violation.

In considering the additional **Hodge** factors, however, it appears the appointment of

counsel is unnecessary.  The facts in the case are relatively clear and agreed upon by both parties,

as is evident in the copies of Samet's grievances and the resulting responses he received from

prison officials.  *See* Compl., Exhs. 1, 2, 6-17.  As such, the case will not likely involve an

assessment of credibility or conflicting evidence, which would implicate the need for cross-

examination and weigh towards appointment of counsel.  *See* **Hodge**, 802 F.2d at 61 (*citing*

**Maclin v. Freake**, 650 F.2d 885, 887 (7th Cir. 1981)).  Samet's incarceration obviously presents

an obstacle for his prosecution of the case.  However, his complaint articulates a clear and

concise statement of the facts, demonstrating his ability to present his case.  *See* Compl. at 2-5.

With his complaint, Samet included affidavits from witnesses, a list of the evidence he plans to

use, and additional proof about the grievances he filed, demonstrating his ability to investigate

the facts. *See* id., Exhs. 1-17. These additional submissions indicate that Samet is aware of the elements of his claims, the proof needed to make his case, and the administrative requirements he is required to fulfill. Furthermore, Samet's claims do not appear so complex that he cannot be afforded a just determination without legal representation. After review of the plaintiff's application in light of the aforementioned principles, the court finds that the appointment of counsel is not warranted in this case.

Samet's motion for appointment of counsel is **DENIED** without prejudice.

**SO ORDERED this 3rd day of February 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**