```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
MORDECHAI SAMET,                     :
                                     :
                    Plaintiff,       :
          v.                         :   05 Civ. 8795 (BSJ)
                                     :        Order
FEDERAL BUREAU OF PRISONS, et al.,   :
                                     :
                    Defendants.      :
                                     :
------------------------------------ X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Defendants' request that the above-captioned action be dismissed in light of Plaintiff's recent transfer from the Federal Correctional Institution at Otisville, New York ("FCI-Otisville") to the Federal Correctional Institution at Fort Dix, New Jersey ("FCI-Fort Dix"). For the reasons that follow, Defendants' request is GRANTED.

## BACKGROUND

At the time this action was commenced, Plaintiff Mordechai Samet ("Samet" or "Plaintiff") was incarcerated at FCI-Otisville. (Am. Compl. ¶ 6.) Plaintiff states that he brought this action "seeking declaratory and injunctive relief to redress the deprivation of his religious freedom as guaranteed under the Constitution and laws of the United States." (Am. Compl. ¶ 1.) Plaintiff primarily complains that Defendants have

1

substantially burdened his ability to practice his religion[1] by failing to provide him with an appropriate place within FCI-Otisville in which he can pray and conduct his scripture study in accordance with his beliefs.[2] More specifically, Plaintiff asserts claims for relief based upon the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq., the First Amendment, and the Fifth Amendment.

On January 27, 2009, the Bureau of Prisons transferred Plaintiff from FCI-Otisville to FCI-Fort Dix. (Defs.' Letter Dated March 27, 2009.) Because Plaintiff seeks only declaratory and injunctive relief, Defendants argue that in light of this transfer Plaintiff's action should be dismissed as moot pursuant to constitutional and prudential principles, as well as the statutory limitations on prison suits codified at 18 U.S.C. § 3626.

### DISCUSSION

"For a federal court to retain jurisdiction over a case, an actual controversy must exist 'at all stages of review, not merely at the time the complaint is filed.'" Young-Flynn v. Wright, No. 05 Civ. 1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan.

---

[1] Plaintiff is a practicing member of the Hasidic Jewish faith. (Am. Compl. ¶ 6.) "Hasidism's religious tenets require all believers to . . . recite certain prayers at least three times each day: once in the morning at sunrise, once in the afternoon, and once in the evening at sunset." (Am. Compl. ¶ 20.)

[2] It is a violation of Plaintiff's beliefs to offer prayer or study religious texts in his cell because it is connected to a bathroom. Thus, Plaintiff must leave his cell in order to pray or study in accordance with his beliefs. (Am. Compl. ¶ 34.)

2

26, 2007) (quoting Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996)). A case is considered moot "where the problem sought to be remedied has ceased, and where there is 'no reasonable expectation that the wrong will be repeated.'" Prins, 76 F.3d at 506 (quoting Preiser v. Newkirk, 422 U.S. 395, 402 (1975)). Although "[a] party seeking to have a case dismissed as moot bears a heavy burden," Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 84 (2d Cir. 2005), "[i]t is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility," Prins, 76 F.3d at 506. Despite this well-settled principle, Plaintiff asserts that his case should not be dismissed because: (1) he may one day be returned to FCI-Otisville, and (2) due to the BOP's national and regional policies, he has a reasonable expectation that the conduct of which he complains will be repeated at FCI-Fort Dix or another facility to which he may one day be transferred. The Court disagrees.

First, Plaintiff's speculation that he may one day be returned to FCI-Otisville is insufficient to avoid dismissal on mootness grounds. See Armstrong v. Ward, 529 F.2d 1132, 1136 (2d Cir. 1976) (stating that "while there is always the possibility . . . that the State will change its mind [and return an inmate to the facility his claims are directed

3

towards], 'such speculative contingencies afford no basis for our passing on the substantive issues'"); Young-Flynn, 2007 WL 241332, at *8 (finding claims moot where plaintiff did not "raise[] any issue as to his likely return to [the facility] at any time, much less in the immediate future"); Courts v. Coombe, No. 95 Civ. 2350, 1996 WL 312357, at *2 (S.D.N.Y. June 11, 1996) (holding that "[t]he mere possibility that [the Plaintiff] may be returned to [the prison against which he filed suit] at some point in the future does not present a sufficient case or controversy that the Court can presently adjudicate").

Plaintiff's argument that he has a reasonable expectation that the alleged wrongs he suffered at FCI-Otisville may be repeated at FCI-Fort Dix (or another facility to which he may be transferred) is similarly without merit. This argument is premised on the assumption that the BOP has a national or regional policy of prohibiting prayer in common areas within prisons — a premise that is belied by the record. Chaplain Susan Van Baalen, the head chaplain for all of the BOP nationally, testified that BOP "national policy is silent on the issue of locations for private and congregate prayer" and that "each institution makes a decision about where religious programs and religious activities will be held based on the security level of the institution, the availability of the staff for supervision, [and] the safety, security, and good order of

4

the institution." (Van Baalen Dep. 135:14-21, 166:6-14.) Similarly, Rabbi Nochum Laskin, the Supervisory Chaplain at FCI-Otisville, testified that it is the warden of each institution who determines facility policy regarding prayer. (Laskin Dep. 86:15-89:4.) In response to this testimony, Plaintiff observes that a memo circulated in February of 2007 by Scott Dodrill, the BOP's Northeast Regional director, stated, in relevant part, that "[i]nmates shall not be permitted to congregate in any area for a group prayer meeting other than in the chapel during the groups [sic] assigned time" and "[i]nmates shall be permitted to pray, but must do so individually, either in their cell, or in a designated area on their job site."[3] (Baradaran Decl. Ex. 38 at 3-4.) As an initial matter, Plaintiff's claims do not relate to his right to congregate; they are limited to his right to pray as an individual. Thus, the memo's statements with respect to "group prayer" are not relevant to the instant action. With respect to individual prayer, the memo appears to endorse its practice — explicitly stating that it is permissible in at least one common area, the job site. Furthermore, this memo expressly

---

[3] Plaintiff also asserts that Chaplain Susan Van Baalen indicated during her deposition that "ritual prayer should be prohibited in common areas because such prayers 'may seem peculiar to people who are not of that religion.'" (Pl.'s Letter Dated April 15, 2009 at 3.) While it is true that Chaplain Van Baalen stated that she recommends to her chaplains that ritual prayer be conducted in either the chapel or an inmate's personal space because of "the possibility of intimidation and the possibility of interruption of the sacred prayer," she also stated that her recommendations are "not a policy" and she cannot say that the chaplains "have to do that." (Van Baalen Dep. 54:7-55:4.)

5

states that its contents are merely "guidelines and expectations," not rules or prohibitions. (Baradaran Decl. Ex. 38 at 1.) Accordingly, given the deposition testimony of Chaplain Susan Van Baalen and Rabbi Nochum Laskin, the existence of the February of 2007 memo is not sufficient to create a genuine issue of material fact regarding whether BOP policy prohibits prayer in common areas.

Even assuming the BOP does have an official national or regional policy prohibiting prayer in common areas, however, Plaintiff's argument is still without merit. Plaintiff assumes that a policy against prayer in common areas necessarily deprives him of his ability to practice his religion. However, it appears that the reason Plaintiff encountered difficulties in practicing his religion at FCI-Otisville was the simultaneous combination of three factors: (1) Plaintiff's assignment to a cell containing a toilet; (2) Otisville's prohibition on prayer in common areas; and (3) insufficient availability of the chapel or other area in which Plaintiff could pray. Plaintiff's argument that this combination of circumstances is likely to exist at FCI-Fort Dix or another facility to which he may one day be transferred is purely speculative.[4] Indeed, Plaintiff's

---

[4] In fact, in their reply letter Defendants state that "BOP has confirmed that there are no toilets in any of the general population sleeping areas at FCI-Fort Dix, and that chapel space is reserved for Jewish inmates throughout the week, including every morning." (Defs.' Letter Dated April 20, 2009.) The

6

concession that he is currently able to pray in accordance with his beliefs at FCI-Fort Dix is evidence itself that the alleged wrongs Plaintiff suffered at FCI-Otisville are the result of a unique combination of conditions existing at that facility. (Pl.'s Letter Dated Apr. 15, 2009 at 3.)[5]

## CONCULSION

For the reasons set forth above, the Court finds that Defendants have met their burden for dismissal on mootness grounds. Accordingly, Plaintiff's case is hereby DISMISSED. The Clerk of the Court is directed to close the case.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:     New York, New York
           June 2, 2009

---

Court has been given no reason to believe that Defendants' representations with respect to these conditions at FCI-Fort Dix are inaccurate.
[5] Because the Court finds that dismissal is appropriate on the ground of mootness, the Court need not address Defendants' argument with respect to 18 U.S.C. § 3626.

7